## OTTO BUCHILL v. URIAH LOTT.

### (No. 2769.)

APPEAL from De Witt County. Opinion by WILLSON, J.

§ 46. *Subscription to railroad bonus; liability upon, cannot be withdrawn by subscriber when; case stated.* Appellee, as president of the San Antonio & Arkansas Pass Railway Company, proposed to the citizens of Cuero, De Witt county, that for a bonus of $25,000, to be paid to said company by said citizens, the line of said railway then in course of construction should be constructed to said town within six months from August 1, 1886. In response to this proposition the citizens of Cuero prepared and signed a subscription list aggregating in amount $23,000, setting forth the terms and conditions of the contract. Appellant subscribed to said list, agreeing thereby to pay the sum of $380.25. Appellant was also, by the terms of said list, constituted by the subscribers thereto one of a committee of five citizens to collect said subscriptions. Said railway company, in full compliance with said contract, constructed its railway to Cuero within the time agreed upon. Appellant, upon proper demand made of him, refused to pay his subscription, and thereupon this suit was instituted to recover the same, and judgment therefor obtained against him, from which he prosecutes this appeal. Appellant pleaded specially, in substance, that appellee's proposition for a bonus of $25,000 was

not complied with by the citizens; that appellee rejected the subscription list of $23,000; that after such rejection a majority of said citizens' committee (appellant not being present) agreed with appellee upon a different contract, and under said different or modified contract said railway was constructed; that when appellee refused to accept said subscription list, appellant withdrew from and ceased to act with said committee, and notified said committee that he would no longer act with them, and that he withdrew his said subscription, and instructed said committee to erase his name from said subscription; that appellee had notice of his withdrawal, etc., before said list was accepted or acted upon by said company or appellee. Appellant filed other special pleas, which it is unnecessary to notice, as their validity depends upon the plea above stated. Appellee excepted to all of appellant's special pleas, and the exceptions were sustained, and upon a trial of the cause judgment was rendered against appellant for the amount sued for, interest and costs.

Appellant's first assignment of error is to the overruling of his exceptions to appellee's petition. His exceptions are in substance that said petition shows no contract between plaintiff and defendant, but merely an agreement between defendant and other parties, to wit, a committee of citizens, which agreement was revoked by defendant before the same had been accepted or acted upon by the plaintiff. We think there was no error in overruling said exceptions. As we construe the subscription list, it was an executory contract between the subscribers thereto and appellee, the representative of said railway company. It was founded upon sufficient consideration. It was mutual between each subscriber and the railway company. It was for the benefit of all the parties. Appellant, by his subscription, contracted and obligated himself to pay the amount subscribed by him upon the performance by the railway company of the

conditions named in the subscription paper.   In the payment of his subscription each subscriber was interested, and his obligation to make said payment extended to them as well as to the railway company.   Upon the performance of said conditions by the railway company his subscription inured to the benefit of said company, and said company had the legal right to demand, sue for and recover the amount subscribed by him.   If we are correct in our construction of the contract, appellant's special pleas set up no valid defense against it.   He became bound upon said contract the moment he signed it for the amount subscribed by him, subject only to the condition that the railway should not be constructed according to the terms of the contract.   His obligation was to pay $380.25 should the railway be constructed to Cuero within a specified time.   The fact that the railway was so constructed for a less bonus than that originally proposed did not increase his liability, and could not, it seems to us, in any manner affect his interest or avoid the contract as to him.   He does not pretend in his special pleas that any modification or change was made in the contract of subscription which in any way operated prejudicially to him or in any manner affected his interests.   He does not allege what modifications or change was made in the contract.   As far as we can understand from his pleading his complaint is that the citizens, having failed to raise the bonus of $25,000, obtained the railway to Cuero for a less bonus.   How this could affect the interests or liability of appellant we cannot comprehend.   As to his right to withdraw from his contract to revoke his subscription, under the circumstances alleged in his pleadings, we do not think such right existed, and his notice of such withdrawal and revocation cannot avail him.   We believe there is no error in the judgment, and it is affirmed.

ON MOTION FOR REHEARING.

(Feb. 8, 1890.)

We do not consider the authorities cited, and the arguments advanced, by counsel for appellant, applicable to the question involved in this case. It was not the citizens of Cuero that made the proposal, but it was the railroad company represented by appellee, Lott. The proposal so made was accepted by the citizens, and no further acceptance was required by the railroad company. Furthermore, it is not negatived by the allegations of the plea that appellant revoked his subscription before the appellee had incurred expense, etc., under the contract. Under the authorities cited by counsel for appellant, we do not think the special defense was a valid one, and we think the exceptions thereto were rightly sustained. The motion is refused.

January 18, 1890.                  Affirmed.